UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS LEE HOPPER,<br><br>               Petitioner,<br><br>        v.<br><br>BRIAN KIBLER,<br><br>               Respondent. | Case No.   2:21-cv-00985-JDP (HC)<br><br>ORDER GRANTING PETITIONER'S FIRST APPLICATION TO PROCEED IN FORMA PAUPERIS AND DENYING HIS SECOND AS MOOT<br><br>ECF Nos. 7 & 10<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GIVING LEAVE TO AMEND WITHIN SIXTY DAYS<br><br>ECF No. 1 |

   Petitioner is a state prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254.  ECF No. 1.  The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).  The petition cannot proceed because it does not state a viable habeas claim.

   Petitioner argues that his due process rights were violated during a prison disciplinary hearing because the investigative employee assigned to assist him was ineffective.  ECF No. 1 at

1

3. He also alleges that the officer overseeing his hearing violated his due process rights by denying his request to call witnesses. *Id.* at 27. He asks that his disciplinary conviction be overturned and that one-hundred and eighty days of credit be restored to him. *Id.* at 38. These claims cannot proceed in a habeas petition. Petitioner has acknowledged that he is serving an indeterminate sentence of two-hundred and twenty years to life. *Id.* at 2. Thus, even if his credit was restored, he would not necessarily be entitled to speedier release. *See Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016). His claims must be brought, if at all, in a section 1983 action. *Id.* at 935. I will give petitioner an opportunity to file an amended petition that explains why his claims should be allowed to proceed before recommending that this action be dismissed.

It is ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 7, is granted.

2. Petitioner's application to proceed in forma pauperis, ECF No. 10, is denied as moot.

3. Petitioner may file an amended petition within sixty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

4. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:  August 3, 2021                                   _____
                                                          JEREMY D. PETERSON
                                                          UNITED STATES MAGISTRATE JUDGE