UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS LEE HOPPER,<br><br>   Petitioner,<br><br>v.<br><br>BRIAN KIBLER,<br><br>   Respondent. | Case No. 2:21-cv-00985-JDP (HC)<br><br>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM<br><br>RESPONSE DUE WITHIN TWENTY-ONE DAYS |

On August 4, 2021, I screened petitioner's petition for writ of habeas corpus, notified him that it failed to state claim, and granted him sixty days to file an amended petition. ECF No. 11. To date, petitioner has not filed an amended petition.

To manage its docket effectively, the court imposes deadlines and requires litigants to meet those deadlines. The court may dismiss a case for petitioner's failure to prosecute or failure to comply with its orders or local rules. *See* Fed. R. Civ. P. 41; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."). Involuntary dismissal is a harsh penalty, but the court has a duty to administer justice expeditiously and avoid needless burden for the parties. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

I will give petitioner an opportunity to explain why the court should not dismiss his case for failure to file an amended petition. Petitioner's failure to respond to this order will constitute a failure to comply with a court order and will result in dismissal of this case. Accordingly, petitioner must show cause within twenty-one days of the date of entry of this order why the court should not dismiss his case for failure to prosecute and for failure to state a claim. Should petitioner wish to continue with this lawsuit, he shall also file, within twenty-one days, an amended petition for writ of habeas corpus.

IT IS SO ORDERED.

Dated:    November 6, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE